## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       *Plaintiff,*

vs.

       Case No. 19-10027-EFM

MARGARET GORDON,

       *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Margaret Gordon's Motion to Reduce Sentence (Doc. 40).  She seeks early release from prison due to her concern of contracting COVID-19 in prison. In addition, she seeks release because she is concerned that her elderly parents with underlying health conditions may have serious complications should they contract COVID-19, and they are the caretakers of her two teenage children.  The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.      Factual and Procedural Background

On December 17, 2019, Defendant pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  On March 2, 2020, Defendant was sentenced to 60 months imprisonment.  Defendant is 37 years old, and she is currently incarcerated at Waseca FCI.  There have been 149 positive cases in Defendant's facility,

and no inmates have died.[1]  Currently, there are 86 active inmate cases and 2 active staff cases.[2]
Defendant's projected release date is March 7, 2024.

On August 14, 2020, Defendant filed a motion seeking early release due to the risk of
contracting COVID-19 in prison.  In addition, she seeks release because her parents care for her
minor children and they are elderly with underlying health conditions making them more
susceptible to severe complications from COVID-19 should they be diagnosed with it.  She also
informally requested counsel to review her case.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to
represent indigent defendants who may qualify to seek compassionate release under § 603 of the
First Step Act.  Administrative Order 20-8 supplements 19-1 and sets forth procedures to address
compassionate release motions brought on grounds related to the COVID-19 pandemic.  Under
20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf
of any pro se individual filing a compassionate release motion based on COVID.  Here, the FPD
notified the Court that it did not intend to enter an appearance to represent Defendant.

## II.    Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A),
to allow a defendant to file his own motion for release.[3]  It allows defendants to seek early release
from prison provided certain conditions are met.  First, "a criminal defendant may file a motion
for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited September 21, 2020).

[2] One test remains pending.

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[4] The administrative exhaustion requirement is jurisdictional and cannot be waived.[5]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[6]  Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[7]

---

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[5] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[6] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[7] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

### III.    Analysis

Defendant seeks early release based on her concern of contracting COVID-19 in prison. She also seeks release because her parents, who are the caretakers of her minor children, are elderly and have underlying health conditions making them more susceptible to COVID-19 complications should they contract it.  The government asserts that Defendant is not an appropriate candidate for early release.

### A.    Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  She requested compassionate release from the Warden which was denied on August 7, 2020.  The government also admits that Defendant meets the exhaustion requirement. Thus, the Court has jurisdiction to decide her motion.

### B.    Extraordinary and Compelling Reasons

Defendant next asserts that her concern of contracting COVID-19 in prison and her concern that her caretaker parents may contract and develop severe complications from COVID-19 constitutes extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A).

With regard to Defendant, she does not identify any underlying health conditions that she suffers from that would make her more susceptible to severe complications if she contracts COVID-19.  Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[8]   The Court recognizes the concerns and risks of

---

[8] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to

COVID-19, but the mere presence of it at the facility does not justify a compassionate release, particularly when the BOP already has procedures in place to minimize the risks.

Defendant also states that she is concerned that her elderly parents, who are the caretakers of her minor children, may contract COVID-19 and suffer severe health complications.  In the Commentary and Application Notes of U.S.S.G. § 1B1.13-Family Circumstances, it provides that an extraordinary or compelling reason may exist for a reduction in sentence due to the "death or incapacitation of the caregiver of the defendant's minor child or minor children."[9]  The BOP's Program Statement "describe[s] the procedures it uses to implement compassionate release/reductions in sentences under Section 3582."[10]  In this Program Statement, which was revised on January 17, 2019 (after the enactment of the First Step Act), there is guidance as to requests based on the death or incapacitation of the family member caregiver.[11]  With regard to requests based on the incapacitation of the family member caregiver, "incapacitation" is defined as "suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child."[12]  Information and documentation should be provided showing the incapacitation of the caregiver, that the caregiver is the only family

---

inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

[9] U.S.S.G. § 1B1.13 cmt. n.1(C)(i).

[10] *See United States v. Gutierrez*, 2019 WL 2422601, at *3 (D.N.M. 2019) (citing BOP Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at *1).  Although these standards govern how the BOP reviews an inmate's request for reduction in sentence, the Court finds that they provide some guidance for courts as well.

[11] BOP Program Statement § 5050.50, at 7-12.

[12] *Id.* at 7.

member capable of caring for the child, verifiable documentation that the inmate is the parent of the child, verifiable documentation providing name and age of the child, and a release plan.[13]

In this case, Defendant requests compassionate release alleging that her elderly parents are the caretakers of her teenage children.  She states that should her parents contract COVID-19, they likely would not survive it due to their underlying health conditions.  There is no indication, however, that Defendant's parents are currently incapacitated to the extent of rendering them incapable of caring for Defendant's children.  Indeed, there is no evidence showing that Defendant's parents are incapacitated at all.  Instead, Defendant expresses a generalized concern. As noted above, the Court recognizes the concerns and risks of COVID-19.  Defendant, however, does not make any individualized showing of family circumstances that constitute an extraordinary or compelling reason warranting compassionate release.

C.    **Section 3553(a) Factors**

The Court's conclusion is bolstered by a consideration of the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[14]  Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[15]

Defendant pleaded guilty to the offense of possession with intent to distribute methamphetamine.  She was sentenced to 60 months imprisonment.  At this point, Defendant has

---

[13] *Id*. at 7–8.

[14] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[15] 18 U.S.C. § 3553(a).

only served approximately six months of her sentence.  The Court remains convinced 60 months is the appropriate sentence.  Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. Furthermore, as noted above, Defendant is not at high risk of contracting serious COVID-19 complications because she does not have any underlying health conditions.  Defendant also does not demonstrate that the caretakers of her teenage children are incapacitated to the point of being incapable of giving care.  Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant her early release from prison.

**D.** **Counsel**

Defendant requests the appointment of counsel to help review her case.  As noted above, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant. There is no constitutional or statutory right to the appointment of counsel beyond the direct appeal of a criminal conviction.[16]  Furthermore, Defendant's motion demonstrates that she adequately articulates her arguments for relief.

In sum, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant her early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence and Motion to Appoint Counsel (Doc. 40) is **DENIED**.

---

[16] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (citation omitted); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (noting that "[n]o right to counsel extends to a § 3582(c)(2) motion") (citations omitted).

**IT IS SO ORDERED**.

Dated this 22nd day of September, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE